## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| LEO FELIX CHARLES, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-732 (MPS) |
| | : | |
|     v. | : | |
| | : | |
| KEVIN GRIDLEY, et al., | : | |
|     Defendants. | : | MAY 26, 2015 |
| | : | |

## INITIAL REVIEW ORDER

The plaintiff, Leo Felix Charles, currently incarcerated at the Corrigan-Radgowski

Correctional Center in Uncasville, Connecticut, has filed a complaint *pro se* under section 1983

of title 42 of the United States Code.  The complaint was received by the court on May 14, 2015,

and the plaintiff's motion to proceed *in forma pauperis* was granted on May 19, 2015.  The

plaintiff names six defendants, Connecticut State Trooper Kevin Gridley, Connecticut State

Police Sergeant Stephen J. Samson, Deputy Warden Dennis Roche, Warden Walter Ford,

Correctional Lieutenant Dawn Hicks and Correctional Lieutenant Ernest Green.  All defendants

are named in their individual capacities only.  In his preliminary statement, the plaintiff identifies

his claims as false arrest, false imprisonment, unlawful arrest, conspiracy to arrest, malicious

arrest, malicious prosecution, denial of equal protection, denial of due process, wrongful

initiation and pursuit of criminal prosecution, malicious use of legal process, libel, slander,

defamation, conspiracy and cover-up in violation of the Sixth and Fourteenth Amendments as

well as state tort claims for malfeasance, nuisance, harassment, conspiracy, negligence and gross

negligence. *See* Doc. #1 at 2.

Under section 1915A of title 28 of the United States Code, the court must review prisoner

civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

I.     Allegations

On October 8, 2012, the plaintiff was in pretrial detention at the Hartford Correctional Institution. While working at his prison job, he was assaulted by inmate Parsons. Following the assault, defendant Hicks ordered the plaintiff taken to the medical unit where he received first aid treatment before being transported to the University of Connecticut Health Center emergency room. Defendant Hicks interviewed the plaintiff regarding the assault prior to transport.

Upon his return, defendant Hicks asked the plaintiff to sign a form stating that he would not press charges against inmate Parsons. The plaintiff refused to sign the form and asked defendant Hicks to call the state police. She refused. When the plaintiff began arguing with

2

defendant Hicks, he was escorted to segregation where he was assaulted by several correctional officers during the strip search.  As a result of this assault, the plaintiff injured his right shoulder and underwent a total shoulder replacement.  Defendant Hicks issued the plaintiff a disciplinary charge for fighting.

On October 10, 2012, defendant Green asked the plaintiff to plead guilty to the disciplinary charge.  The plaintiff insisted that he had been assaulted by inmate Parsons and refused to plead guilty.  He demanded that defendant Green call the state police.  Defendant Green refused and told the plaintiff that he would have the plaintiff arrested.  Defendant Green told the plaintiff that inmate Parsons had pled guilty to his disciplinary charge.

On October 12 and 16, 2012, the plaintiff wrote letters to then Commissioner of Correction Arnone and Warden Ford informing them that he had been assaulted by inmate Parsons and by correctional staff.

Acting Shift Commander Sharon Garrett conducted an investigation and determined that the plaintiff was assaulted by inmate Parsons and that no weapon was involved.  She reported her findings to defendants Roche, Ford, Green, and Hicks.  Despite the investigation results, defendants Roche and Ford stated that the wounds on inmate Parsons' back were consistent with a penetrating-type of weapon and accused the plaintiff of using a make-shift weapon against inmate Parsons.  The medical incident report, however, noted only scratches to inmate Parsons' upper left torso and back and swollen knuckles.  Defendants Roche and Ford insisted that the plaintiff had been involved in a fight with inmate Parsons.

On October 15, 2012, defendant State Trooper Gridley came to the Hartford Correctional Center and spoke with the plaintiff in the presence of defendant Green.  The plaintiff signed a

waiver of rights form and began telling defendant Gridley about the assault by inmate Parsons.
When the plaintiff began to ask to press charges against inmate Parsons, defendant Green
interrupted and stated that he would have the plaintiff arrested.  Defendant Gridley told the
plaintiff he would see him at a later date and left the facility without taking the plaintiff's
statement regarding the assault by inmate Parsons.

The plaintiff filed a grievance regarding the assaults by inmate Parsons and correctional
staff.  Defendant Ford denied the grievance, informing the plaintiff that an investigation would
be conducted if evidence of misconduct were found, but that the plaintiff would not be privy to
the results of any such investigation.  The plaintiff filed a second grievance seeking disciplinary
action against defendants Hicks and Green, and the staff involved in the assault of the plaintiff in
segregation.

On November 15, 2012, defendant Gridley returned to interview the plaintiff.  The
plaintiff waived his rights and began describing the incident.  Defendant Gridley, in reliance on
the statements of defendants Roche and Ford, stated that the plaintiff was involved in a fight and
had used a weapon against inmate Parsons.  The plaintiff denied these statements and refused to
confess to fighting with inmate Parsons or using a weapon against him.  Defendant Gridley
denied the plaintiff's request that inmate Parsons be arrested.

Based on the evidence that inmate Parsons' injuries were caused by a weapon, defendant
Gridley obtained a warrant for the plaintiff's arrest.  Defendant Samson condoned the actions of
defendant Gridley.  On February 3, 2013, the plaintiff was arrested and charged with assault in
the third degree and disorderly conduct.  On April 26, 2013, at a hearing during which the
plaintiff was not present, the State nolled the charges.

II.   <u>Analysis</u>

The plaintiff's main claims are for false arrest and malicious prosecution.  He asserts no claims in the section of the complaint entitled "Claims for Relief" against defendants Hicks or Green.  Nor does he assert claims based on the assault by correctional staff, or the responses to his grievances.

Case law within this circuit is clear that "[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests." *Arnold v. Geary*, No. 09 Civ. 7299(GWG), 2013 WL 4269388, at *4 (S.D.N.Y. Aug. 16, 2013) (internal quotation marks and citation omitted) (citing cases).  The plaintiff alleges that he was in pretrial detention at the time of both the assault and the arrest and prosecution. Indeed, the Department of Correction website confirms that the plaintiff has been incarcerated since June 5, 2011.  *See* www.ctinmateinfo.state.ct.us (last visited May 20, 2015).   Thus, the plaintiff's federal claims for false arrest and malicious prosecution necessarily fail.  This encompasses the claims the plaintiff describes as false arrest, false imprisonment, unlawful arrest, malicious arrest, malicious prosecution, wrongful initiation and pursuit of criminal prosecution and malicious use of legal process.

The plaintiff also includes several conspiracy claims.  He contends that defendants Roche and Ford conspired to have him arrested by including in the incident report package their assessment that a weapon was used to cause the injuries to inmate Parsons and that defendants Gridley and Samson conspired to effect his arrest by focusing on that report rather than other documents suggesting that no weapon was involved.  All of the conspiracy claims relate to the

5

claims for false arrest and malicious prosecution.  To state a claim for conspiracy, the plaintiff must state causes of action for the claims underlying the alleged conspiracy.  *See Caro v. Fidelity Brokerage Servs.*, No. 3:13-cv-1028(CSH), 2015 WL 1975463, at *35 (D. Conn. Apr. 30, 2015); *see also Joyce v. Hanney*, No. 3:05-cv-1477(WWE), 2009 WL 563633, at *8 (D. Conn. Mar. 4, 2009) ("if the underlying claim is dismissed, a conspiracy claim cannot stand").  As the plaintiff has not stated a cognizable claim for false arrest or malicious prosecution, his federal conspiracy claims also fail.

The plaintiff's final federal claims are for denial of due process and equal protection. The plaintiff bases his due process claims on the failure of defendants Gridley and Samson to credit the evidence in the incident report package suggesting that no weapon was involved rather than the evidence that the inmate Parsons' injuries were caused by a weapon.  However, the plaintiff has "no due process right to a full and complete police investigation."  *Gleis v. Buehler*, No. 3:04CV2217(DFM), 2007 WL 926907, at *5 (D. Conn. Mar. 26, 2007) (internal quotation marks and citation omitted).  If the police have probable cause for an arrest, they have no duty to further investigate possibly exculpatory evidence.  *See Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir. 2006).  The incident report package contained contrary evidence regarding involvement of a weapon.  The police were not required to determine which version of events was correct before obtaining an arrest warrant.

To state an equal protection claim, the Second Circuit requires the plaintiff to "demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination."  *Phillips v. Girdich*, 408 F.3d 124, 139 (2d Cir. 2005). An equal protection claim also may be brought "by a 'class of one' where a plaintiff alleges that

[]he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *African Trade &Info. Ctr., Inc. v. Abromaitis*, 294 F.3d 335, 362-63 (2d Cir. 2002) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  Although the plaintiff references the Equal Protection Clause, he alleges no facts showing that he was treated differently from other similarly situated inmates.  Thus, his equal protection claim also fails.

Supplemental jurisdiction is a matter of discretion, not of right.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-16 (1966).  Where all federal claims have been dismissed before trial, state law claims arising from the same case or controversy should be dismissed without prejudice and left for resolution by the state courts.  *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  As the Court has dismissed all of the plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the state law claims.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All federal law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 26th day of May 2015 at Hartford, Connecticut.


_____/s/_____
Michael P. Shea
United States District Judge